**Manuel Calderon-TRUJILLO, Plaintiff,**

v.

**READY MIX CONCRETE, INC. and Angel Lopez Cardona, Defendants.**

Civ. 83–2377CC.

United States District Court,
D. Puerto Rico,
San Juan Division.

May 22, 1984.

Jesús Hernández-Sánchez, Santurce, P.R., for plaintiff.

Roy J. Cohen, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

CEREZO, District Judge.

This action is now before us on defendants' motion to dismiss plaintiff's claims under 42 U.S.C. Sec. 1981 and the Fourteenth Amendment of the Constitution of the United States as well as his claims for compensatory and punitive damages. They have also requested that the demand for jury trial be stricken. The complaint alleges that Manuel Calderón Trujillo, a key punch operator employed by Ready Mix Concrete, was discharged on October 1, 1982 and replaced by a female employee because he was performing a woman's job. It is charged that this conduct violated his equal protection rights under the Four-

teenth Amendment, the Civil Rights Act of 1866, as reenacted in 1870, 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e, *et seq.* Plaintiff seeks "damages in the amount of $100,000 for the violation of his constitutional rights, $500,000 for his psychic damages and loss of happiness and one million dollars in punitive damages."

 The cause of action under section 1981 cannot withstand the challenge because that statute prohibits only racial discrimination and is not directed to discrimination based on sex or religion. See *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342–345 (5th Cir.1981), *cert. denied*, 456 U.S. 933, 102 S.Ct. 1985, 72 L.Ed.2d 451 (1982). Neither can the constitutional claim survive for the Fourteenth Amendment applies only to acts of states and is wholly inapplicable to conduct of a private individual, however discriminatory or wrongful. See: *The Civil Rights Cases*, 109 U.S. 3, 11, 3 S.Ct. 18, 21, 27 L.Ed. 835 (1883); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 2769–2770, 73 L.Ed.2d 418 (1982). The defendants in this case are a private individual and a private corporation. The complaint does not allege that they acted under color of state law or that their acts were those of the state.

 The remaining cause of action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, *et seq.*, which proscribes discrimination in employment because of race, color, religion, sex or national origin. However, the claims for compensatory and punitive damages for the mental and emotional sufferings caused by defendants' conduct in violation of said statute must also be dismissed. Our Circuit has joined others in holding that compensatory and punitive damages of the nature here sought are not available under Title VII. *De Grace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir.1980). See also *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1364–1365 (11th Cir.1982); *Muldrew v. An-heuser-Busch, Inc.*, 728 F.2d 989, 992 n. 2 (8th Cir.1984) (clarifying prior rulings that might be understood as allowing compensatory damages under Title VII and expressing that any such ruling should be understood as referring only to claims under 42 U.S.C. § 1981). The remedy for any proven violation of Title VII is limited to relief of an equitable nature, such as back pay and other work related benefits, as the court deems appropriate to make a plaintiff whole and to restore him to the position he would have occupied if the unlawful discrimination had not occurred. 42 U.S.C. Sec. 2000e–5(g). See *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 413–425, 95 S.Ct. 2362, 2369–75, 45 L.Ed.2d 280 (1975) (discussing purpose of Title VII remedies); *Walker v. Ford Motor Co.*, 684 F.2d, 1364–1365.

 As to the request for a jury trial, "[b]ecause the [Civil Rights] Act [of 1964] expressly authorizes only equitable remedies, the courts have consistently held that neither party has a right to jury trial." *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979) (see cases cited at note 19).

For the reasons stated, defendants' motion to dismiss of December 13, 1983 is GRANTED and plaintiff's causes of action under 42 U.S.C. Sec. 1981 and the Fourteenth Amendment of the Constitution of the United States are DISMISSED for failure to state a cause of action. All claims for compensatory and punitive damages for mental and emotional suffering arising from any violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, are hereby stricken from the complaint and plaintiff's request for a trial by jury is DENIED. Defendants are ORDERED to answer the complaint within the term of ten (10) days after notice of this order.

SO ORDERED.